UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FILED
AUG - 7 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

JOHN AND GAIL CORMIER,

    Plaintiffs,

v.

ATLANTIC LAW GROUP *et al.*,

    Defendants.

Civil Action No. 3:12–CV–178

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss (ECF No. 3), filed by Defendant Bank of America, N.A. ("Defendant" or "Bank of America"). The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process.[1] E.D. Va. Loc. Civ. R. 7(J). For the following reasons, the Court GRANTS Defendant's Motion to Dismiss.

### I. BACKGROUND

Plaintiffs John and Gail Cormier ("Plaintiffs") allege the following facts. On or about January 1, 1983, Plaintiffs purchased a home located at 10910 Westek Drive in Henrico, Virginia. As of September 1, 2010, Bank of America serviced the mortgage loan on Plaintiffs' home and on or about that same date began foreclosure proceedings on the home. On or

---

[1] To this end, the Court GRANTS Defendant's Motion and Memorandum for Determination of Relief Without Oral Hearing (ECF No. 11).

about March 1, 2011, Plaintiffs "engaged the Litvin Law Firm to help defend against the foreclosure." (Pls.' Compl. ¶ 8.)

On or about August 1, 2011, Bank of America scheduled the foreclosure sale of Plaintiffs' home for September 15, 2011. On August 26, 2011, the Litvin Law Firm (hereinafter "Litvin") submitted a Loan Modification Package on behalf of Plaintiffs to Bank of America. On September 7, 2011, a Bank of America representative, Jim, informed a Litvin representative, Lavern Hall, that Bank of America had received the Loan Modification Package and stated that the upcoming foreclosure sale was cancelled.

Relying on Bank of America's assurance, Plaintiffs "ceased all efforts to prepare additional loan modification packages and to defend against the foreclosure." (Pls.' Compl. ¶ 13.) On September 15, 2011, Plaintiffs' home was sold at a foreclosure sale to Wells Fargo Bank, N.A. ("Wells Fargo"), despite Bank of America's assurance that the sale had been cancelled. Plaintiffs allege that Wells Fargo, acting through Atlantic Law Group, has initiated eviction proceedings against Plaintiffs.

In February 2012, Plaintiffs filed suit in the Circuit Court for the City of Henrico against Atlantic Law Group, Bank of America, Long and Foster Realty, Inc., and Wells Fargo for promissory estoppel, constructive fraud, and negligence related to the foreclosure of Plaintiffs' home. All defendants except Bank of America were non-suited. On March 14, 2012, Bank of America filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[2]

---

2 Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules, Plaintiffs' Opposition was due

## II. LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure allows a defendant to raise a number of defenses to a claim for relief at the pleading stage. Among these is the defense that the pleadings fail to state a claim upon which the court can grant relief. *See* Fed. R. Civ. P. 12(b)(6). Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192-93.

The pleadings need not be supported by evidence but must "state a claim for relief that is plausible on its face." *Id.* at 193 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 556 U.S. at 678. If the complaint alleges—directly or indirectly—each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King &*

---

March 28, 2012. Plaintiffs did not file their Opposition until May 22, 2012. Plaintiffs did not request an extension before or after the deadline and fail to offer any explanation for their untimely filing. Therefore, the Court need not consider Plaintiffs' untimely Opposition in consideration of the instant Motion. *See M. Shanken Communs., Inc. v. Variant Events, LLC*, No. 3:10-CV-804, 2011 U.S. Dist. LEXIS 56138, at *19-20 (E.D. Va. May 25, 2011).

*Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. T.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see Iqbal*, 556 U.S. at 678. With these principles in mind, a court must ultimately ascertain whether the plaintiff has stated a "plausible, not merely speculative, claim for relief." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. *Promissory Estoppel*

##### a. Parties' Arguments

Defendant allegedly promised Plaintiffs that the foreclosure sale of their home was cancelled. Plaintiffs contend that Defendant could have reasonably expected that its promise would cause Plaintiffs to cease other efforts to defend against the foreclosure sale. Plaintiffs argue that because they relied on Defendant's promise, that promise should be enforced to prevent injustice to Plaintiffs.

In support of its Motion to Dismiss, Defendant argues that Virginia does not recognize promissory estoppel as a valid cause of action and therefore Plaintiffs' claim should fail as a matter of law. Defendant further argues that to the extent Plaintiffs attempt to state a claim of equitable estoppel, they have failed to do so. According to Defendant, a claim of equitable estoppel requires allegations that:

> (1) A material fact was falsely represented or concealed by [Defendant]; (2) the representation or concealment was made with knowledge of the facts; (3) Plaintiffs were ignorant of the truth of the matter; (4) the representation was made with the intention that Plaintiffs should act upon it; (5) Plaintiffs were induced to act upon it; and (6) Plaintiffs suffered an injury.

4

(Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") 3-4 (quoting *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 221 Va. 81, 86 (1980)).) Defendant argues that Plaintiffs' claim to have ceased all other efforts to defend against foreclosure proceedings based on "a single allegedly false representation" by Defendant's employee implies that there were "other, unexecuted methods available to [Plaintiffs] to defend against or otherwise forestall the foreclosure that, in reliance on [Defendant's] purported promise, they elected not to pursue." (Def.'s Mem. 4.)

Defendant argues that Plaintiffs do not dispute that they were in default of their mortgage obligations when foreclosure proceedings were initiated or make any allegation that they were able to tender payment to cure their default. Furthermore, according to Defendant, Plaintiffs admit that they waited nearly a year after foreclosure proceedings had begun before "ma[king] any effort to remedy the circumstances that led to the foreclosure in the first place." (Def.'s Mem. 4-5.) Defendant contends that Plaintiffs have failed to allege that "there were additional efforts . . . to defend against the foreclosure they abstained from pursuing based on [Defendant's] alleged promise." (Def.'s Mem. 5 (internal quotation marks omitted).) Therefore, Defendant argues that Plaintiffs' allegations, as pled, "do not state a plausible claim that it was the purported promise by [Defendant's] representative—and not Plaintiffs' own inability to comply with their ongoing contractual obligations under the mortgage—that caused Plaintiffs not to intervene in the foreclosure proceedings." (Def.'s Mem. 5.)

Defendant further argues that even had Plaintiffs plausibly alleged that they relied on a misrepresentation by Defendant, Plaintiffs have failed to allege resulting damages.

5

Defendant asserts that "Plaintiffs' basic contention is that they suffered damages because their home was sold at foreclosure."(Def.'s Mem. 5.) Defendant argues that Plaintiffs' alleged damage however occurred because of "Plaintiffs' own failures to pay their loan and not because [Defendant's] representative purportedly misrepresented that the sale itself would be deferred." (Def.'s Mem. 5.) Therefore, Defendant contends that "Plaintiffs have failed to plead any damages they suffered *as a result of the purported misrepresentation*" and have failed to state a claim of equitable estoppel. (Def.'s Mem. 5-6.)

### b. Analysis

Virginia has expressly declined to adopt promissory estoppel as a cause of action. *See Mongold v. Woods*, 278 Va. 196, 203 (2009); *W.J. Schafer Assocs. v. Cordant, Inc.*, 254 Va. 514, 521 (1997). Therefore, Plaintiffs' claim of promissory estoppel must fail as a matter of law. Moreover, as Defendant argues, Plaintiffs have failed to properly allege a claim of equitable estoppel, which under Virginia law, Plaintiffs must allege facts to plausibly show that: (1) Defendant falsely represented or concealed a material fact; (2) the representation or concealment was made with knowledge of the fact; (3) Plaintiffs were ignorant of the truth of the matter; (4) the representation was made with the intention that Plaintiffs should act upon it; (5) Plaintiffs did act upon it; and (6) that action resulted in an injury to Plaintiffs. *Boykins*, 221 Va. at 86. In other words, equitable estoppel requires proof of "a representation, reliance, a change of position, and detriment." *Stewart v. Lady*, 251 Va. 106, 113 (1996) (internal quotation marks omitted).

Accepting as true Plaintiffs' allegation that Defendant represented to them that the foreclosure sale of Plaintiffs' home was cancelled, Plaintiffs cannot show that they

*reasonably* relied on that representation. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128-29 (4th Cir. 1987) ("It has always been an element of estoppel that the plaintiff actually and reasonably rely on the alleged misconduct in foregoing an assertion of his rights."). In *Foremost Guaranty Corporation v. Meritor Savings Bank*, the Fourth Circuit applied Virginia law in holding that "one may not reasonably rely upon an oral statement when he has in his possession a contrary statement in writing.'" 910 F.2d 118, 126 (4th Cir. 1990). The Deed of Trust and Note executed by Plaintiffs in this matter clearly provide that in the event of Plaintiffs' default, lender has the right to demand immediate payment of the unpaid principal amount and invoke the power of sale. (Def.'s Mem., Ex. A, ECF No. 4-1, ¶ 22; Def.'s Mem., Ex. B, ECF No. 4-2, ¶¶ 6, 10.)[3] Therefore, Plaintiffs cannot show *reasonable* reliance on an oral representation by Defendant to circumvent their obligations under the parties' agreements and a likely result if Plaintiffs did not satisfy those obligations.

Moreover, Plaintiffs' Complaint fails to sufficiently allege the detriment or injury necessary for an equitable estoppel claim. Plaintiffs allege that they relied on a representation by Defendant that the foreclosure sale of their home was cancelled and as a result ceased other efforts to prevent the foreclosure sale. Plaintiffs, however, fail to identify any other action they could have reasonably taken to prevent the foreclosure sale from occurring to show that the outcome and alleged detriment—Plaintiffs' home being sold in a foreclosure sale—would have been any different. Thus, Plaintiffs cannot show that

---

3 Plaintiffs did not attach a copy of the Deed of Trust or Note to their Complaint. However, Defendant attached the documents to its Memorandum of Law in support of its Motion to Dismiss. (*See* ECF No. 4.) This Court has previously found that in deciding a motion to dismiss it is permissible to consider "not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims." *See Gasner v. Cnty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995), *aff'd*, 103 F.3d 351 (4th Cir. 1996). Therefore, the Court finds consideration of the documents appropriate for purposes of the instant Motion.

the alleged injury suffered was the result of their reasonable reliance on Defendant's representation as opposed to Plaintiffs' default on their mortgage obligations. Stated differently, Plaintiffs cannot show that absent Defendant's representation they would have been able to prevent their home from being foreclosed. Accordingly, to the extent Plaintiffs attempt to state a claim of equitable estoppel, they have failed to do so. *See Browning v. Fannie Mae*, No. 1:12CV00009, 2012 U.S. Dist. LEXIS 47819, at * 10 (W.D. Va. Apr. 5, 2012) (holding that where homeowner made "no plausible allegations of what actions she would have taken to prevent the foreclosure sale or that such actions would have prevented the foreclosure sale," her purported reliance on bank's representations that foreclosure sale would be delayed is not sufficient to invoke equitable estoppel). For these same reasons, Plaintiffs have failed to state a claim of constructive fraud.

### B. Constructive Fraud

#### a. Legal Standard

In order to show actual fraud under Virginia law, a plaintiff must show that there was "a false representation of a material fact, made intentionally and knowingly with the intent to mislead, and relied upon by the party misled to his detriment." *Beck v. Smith*, 260 Va. 452, 457 (2000) (citing *Winn v. Aleda Constr., Co.*, 227 Va. 304, 308 (1984)). *See Schmidt v. Wells Fargo Home Mortg.*, No. 3:11BCVB059, 2011 U.S. Dist. LEXIS 45122, at *11-12 (E.D. Va. Apr. 26, 2011). Under Virginia law, "the elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation." *Mortarino v. Consultant Eng'g Servs., Inc.*,

251 Va. 289, 295 (1994). In other words, to state a claim of constructive fraud "the plaintiff is only required to plead that the false representation was made innocently or negligently, while all other elements [of actual fraud] remain the same." *Sales v. Kecoughtan Hous. Co.*, 279 Va. 475, 481 (2010). *See Bank of Am., N.A. v. Sands*, No. 11-1618, 2012 U.S. App. LEXIS 14962, at *12-13 (4th Cir. July 18, 2012).

### b. Parties' Arguments

In support of their constructive fraud claim, Plaintiffs allege that Defendant's statement that the foreclosure sale had been cancelled was a false representation of a material fact intentionally made by Defendant to induce Plaintiffs to act upon it. Plaintiffs further allege that they were damaged as a result of their reliance on Defendant's statement.

Defendant argues that Plaintiffs' constructive fraud claim fails for the same reasons an equitable estoppel claim would fail. According to Defendant, "Plaintiffs' allegation that their failure to avoid foreclosure was a result of their reliance on [Defendant's] purported promise—and not a result of their lack of other viable alternatives—is fundamentally implausible in light of the other factual assertions in the Complaint." (Def.'s Mem. 6.) Defendant argues that Plaintiffs have failed to plead any damage suffered as a result of the foreclosure sale, which Defendant had a right to initiate because of Plaintiffs' default on their mortgage obligations. Defendant therefore argues that Plaintiffs fail to state a claim of constructive fraud.

### c. Analysis

As previously stated, Plaintiffs cannot show reasonable reliance on Defendant's

alleged misrepresentation that the foreclosure sale of their home had been cancelled or that they suffered damage as a result. Therefore, Plaintiffs cannot sufficiently allege a claim of constructive fraud. *See Datastaff Tech. Group, Inc. v. Centex Constr. Co.*, 528 F. Supp. 2d 587, 597 (E.D. Va. 2007) ("[I]n certain . . . respects, the elements of constructive fraud in Virginia are essentially similar to the elements of equitable estoppel. To establish constructive fraud, [plaintiff] must prove not only that [the] defendant[] made misrepresentations, but that [plaintiff] reasonably relied on those misrepresentations."); *Caine Mitter & Assocs. v. Lane*, No. RDB 03-647, 2004 U.S. Dist. LEXIS 28823, at * 23 n.8 (S.D. Md. Aug. 2, 2004) ("Reasonable reliance is an essential element of [a] . . . fraud []claim. Constructive fraud also requires a showing of reasonable reliance. As does equitable estoppel." (internal citation omitted)); *Calhoun v. Exxon Corp.*, No. 94-1345, 1995 U.S. App. LEXIS 21668, at * 9 (4th Cir. Aug. 11, 1995) (finding 12(b)(6) dismissal of constructive fraud claim under Virginia law proper for failure to show reasonable reliance). Accordingly, the Court DISMISSES Plaintiffs' constructive fraud claim for failure to state a claim upon which relief can be granted.

### C. *Negligence*

#### a. Legal Standard

To establish actionable negligence under Virginia law, a plaintiff must show "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293 (2003). If a plaintiff fails to sufficiently allege any element if a negligence claim, he has failed to state a cognizable negligence action. With respect to the "legal duty" element, a duty that arises solely from a

contractual obligation is ordinarily not actionable in tort. *See Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 558-59 (1998). Only in limited circumstances can a party can "show both a breach of contract and a tortious breach of duty." *Id.* at 558. As the Supreme Court of Virginia recently reiterated:

> The primary consideration underlying tort law is the protection of persons and property from injury, while the major consideration underlying contract law is the protection of bargained for expectations." *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004). "The law of torts provides redress only for the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society." *Id.* "[L]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Id.*

*Kaltman v. All Am. Pest Control, Inc.*, 281 Va. 483, 493 (2011).

### b. Parties' Arguments

Plaintiffs allege that Defendant, as the holder of their mortgage loan, had a duty to provide Plaintiffs with accurate information, and by informing Plaintiffs that the foreclosure sale had been cancelled when in fact it had not been, Defendant breached its duty. This breach, according to Plaintiffs, caused them to cease other efforts to defend against the foreclosure sale—action, according to Plaintiffs, reasonably foreseeable to Defendant. Plaintiffs allege that because of Defendant's negligence their home was sold at a foreclosure sale which caused Plaintiffs to suffer substantial pecuniary and non-pecuniary damages.

Defendant contends that Plaintiffs' claim of negligence should be dismissed because Plaintiffs have failed to show that Defendant owed them an independent duty "other than a duty derived from contract and, under established Virginia law, a tort claim based on a

contractual duty fails as a matter of law." (Def.'s Mem. 7.) Defendant argues that because its duty to Plaintiffs is purely contractual, Defendant owed Plaintiffs only those duties specifically defined by the contract. Therefore, according to Defendant, Plaintiffs have not identified a duty owed to them by Defendant in order to sufficiently plead a negligence claim.[4]

### c. Analysis

Plaintiffs allege that Defendant had a duty to provide Plaintiffs with accurate information based on Defendant's role as the holder of Plaintiffs' mortgage loan. As noted above, under Virginia law, a contractual duty ordinarily may only sound in tort law if that contractual duty is also a duty imposed at common law. Thus, Plaintiffs must show that Defendant had a common law duty or some other independent duty outside of the parties' contractual agreement. Plaintiffs have failed to do so. *See Fryfogle v. First Nat'l Bank of Greencastle*, No. 6:07cv00035, 2009 U.S. Dist. LEXIS 21347, at * 22-23 (W.D. Va. Mar. 17, 2009) ("[T]he legal relationship between a borrower and a bank is a contractual one of debtor and creditor and does not create a fiduciary relationship between the bank and its borrower or creditor." (internal quotation marks omitted)); *see also Aldrich v. Old Point Nat'l Bank*, 35 Va. Cir. 545, 551 (1993) ("There is no common law or statutory support in Virginia which supports the creation of a fiduciary duty between a bank and its debtor/customer when the bank and the customer have a creditor/debtor relationship.").

---

4 Furthermore, Defendant argues that Plaintiffs' negligence claim is barred by the Economic Loss Rule. Defendant contends that because Plaintiffs' negligence claim arises from a contractual relationship between the parties which does not create any independent duty, the Economic Loss Rule bars Plaintiffs' claim, which should therefore be dismissed. The Court agrees that Plaintiffs have failed to sufficiently allege a duty owed by Defendant independent of the parties' contractual agreement to serve as a predicate for Plaintiffs' negligence claim.

Accordingly, the Court DISMISSES Plaintiffs' negligence claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

It is SO ORDERED.

```
               /s/
       James R. Spencer
   United States District Judge
```

ENTERED this 7th day of August 2012.